<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| CHRISTINE GILLESPIE, | : | **Civil Action No. 21-18990-ES-AME** |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **OPINION and ORDER** |
|  | : |  |
| NEWARK BOARD OF EDUCATION, et al., | : |  |
| Defendants. | : |  |

<u>**ESPINOSA, U.S.M.J.**</u>

This matter is before the Court on the pending motion of Plaintiff *pro se* Christine Gillespie ("Plaintiff") to disqualify the Newark Defendants' counsel, Cherie L. Adams, Esq. ("Ms. Adams") and Adams Gutierrez & Lattiboudere LLC (collectively, "Defense Counsel"). [D.E. 64].[1] The Newark Defendants opposed the motion. [D.E. 65]. Upon review and consideration of the papers submitted in connection with the motion by the respective parties, this Court finds no need for oral argument. *See* Fed. R. Civ. P. 78(b).[2] For the reasons that follow, and for good cause shown, Plaintiff's motion to disqualify is denied.

---

[1] The "Newark Defendants" include Ms. Adams and her law firm and consist of the following additional defendants: Newark Board of Education; Roger Leone; Marion Bolden; Ann Marie McGoldrick; Homere Breton; Perry L. Lattiboudere, Esq.; Cherie L. Adams, Esq.; Derlys M. Gutierrez, Esq.; the Law Firm of Adams Gutierrez & Lattiboudere, LLC; and Ruth Ruggero Hughs, Esq. [*See* D.E. 1, Compl.].

[2] Unless otherwise noted, this Opinion and Order shall refer to the Federal Rules of Civil Procedure as the "Rules," also abbreviated as "Fed. R. Civ. P."

**I.     RELEVANT BACKGROUND**

    A.     <u>Factual Background</u>[3]

On October 18, 2021, Plaintiff filed a complaint asserting a myriad of "claims." [*See* D.E. 1, Compl.]. According to the complaint, Plaintiff was a tenured teacher employed by Newark's public school district (the "District").[4] [*Id.* ¶ 1]. On September 4, 1998, while at school property and during her employment, Plaintiff allegedly suffered injuries due to the District's purported negligence. [D.E. 1-1, Compl. ¶ 13]. Plaintiff claims she did not receive adequate treatment because the District's risk manager—dismissed defendant, Ron Hale ("Hale")[5]—unilaterally canceled her appointments with outside specialists. [*Id.* ¶¶ 14-15]. Despite Hale's alleged threats and harassment, Plaintiff filed a workers' compensation claim. [*Id.* ¶¶ 16, 19]. On or about July 29, 1999, the District admitted compensability, resulting in consent orders directing, among other things, that Plaintiff receive adequate treatment. [*Id.* ¶¶ 19-21, 24]. Nonetheless, Hale allegedly flouted the requirements of the consent orders by "forc[ing] the cancellation" of Plaintiff's remaining surgeries and unilaterally terminating her medical benefits. [*Id.* ¶¶ 22-23, 25]. Plaintiff then filed a complaint with the New Jersey Office of Administrative Law ("OAL") for the return of 42 sick days she was forced to take allegedly due to Hale's actions. [*Id.* ¶¶ 27-28].

---

[3] This factual summary, drawn from the allegations of the complaint, provides context and background for this Opinion. While the Opinion is based on the record presented by the parties, nothing herein shall constitute a conclusive finding of fact or a definitive assessment of the weight of the evidence.

[4] On July 12, 1995, New Jersey's State Board of Education (the "State Board") placed the School District of the City of Newark "on full State intervention," resulting in (i) the State Board taking over Newark's public school system, (ii) the removal of the Newark Board of Education, and (iii) the creation of a state-operated school district in the City Newark (*i.e.*, the District). *See Gillespie v. Janey*, 441 F. App'x 890, 891-92 (3d Cir. 2011) (citation omitted). At all relevant times alleged in the complaint, "Newark schools were under full state intervention." *State-Operated Sch. Dist. of City of Newark, Essex Cnty. v. Gillespie*, No. A-0391-11T2, 2014 WL 30328, at *1 (N.J. Super. Ct. App. Div. Jan. 6, 2014).

[5] On July 27, 2022, the District Court dismissed Defendants Hale, Christopher Cerf, Josephine C. Garcia, Joseph Biancamano, Esq., Biancamano Di Stefano, LLC, Cannon Cochran Management Associates, David Russo, and Christine Farrington from this action pursuant to Rule 4(m). [D.E. 34].

In retaliation for Plaintiff's pursuit of an OAL complaint, on September 4, 2001, Hale allegedly "directed the clerk for Home Instruction to mark Plaintiff AWOL." [*Id.* ¶ 29]. A few months later, Hale demanded that District administrators file "tenure charges" against Plaintiff, but they refused to do so. [*Id.* ¶ 30]. Upon the retirement of certain of those administrators, Hale and the District's newly-hired general counsel, Defendant Perry Lattiboudere, Esq. ("Lattiboudere"), with Ms. Adams's assistance, initiated a tenure action before the OAL against Plaintiff based on alleged fraudulent attendance documents stating that Plaintiff was "AWOL" and had abandoned her position. [*Id.* ¶ 31]. Hale and other defendants, including Ms. Adams, then allegedly took additional retaliatory actions to delay resolution of Plaintiff's legal proceedings and avoid compliance with the consent orders. [*Id.* ¶¶ 32-34]. Plaintiff reported Ms. Adams to the State District Superintendent and Ms. Adams's law firm for alleged improper conduct in those proceedings, and in retaliation, Adams allegedly "manipulated" the OAL to further delay Plaintiff's case and conspired with Hale and Lattiboudere to manufacture the "bogus" tenure charges. [*Id.* ¶¶ 35-38, 41, 45-49]. In exchange for their assistance in keeping him in power as State District Superintendent, Defendant Marion Bolden allegedly "turned a blind eye" and permitted Hale, Lattiboudere, and Adams to conspire and retaliate against Plaintiff and sign his name on their allegedly "forged documents." [*Id.* ¶¶ 54-55, 57].

In 2016, Plaintiff received a copy of an April 26, 2016 order issued by then Administrative Law Judge Jeffrey Gerson ("ALJ Gerson"). [*Id.* ¶¶ 59l, 59m, 84]. After holding a hearing on March 1, 2016, at which Plaintiff did not appear, ALJ Gerson terminated Plaintiff's employment contract with the District. [*See id.*]. Two years later, in October 2018, Plaintiff claims to have received a call from a "clerk" familiar with the history of Plaintiff's matters, who alleged that (i) no hearing took place on March 1, 2016, (ii) Ms. Adams engaged in *ex parte*

3

communications with ALJ Gerson, and (iii) collusion occurred against Plaintiff. [*Id.* ¶¶ 59m, 60].

B.        Relevant Procedural History

Plaintiff has filed two separate motions to disqualify Defense Counsel in this action. [*See* D.E. 25, 64]. The first motion was filed on July 8, 2022—*i.e.*, over three months after Ms. Adams appeared as counsel for the Newark Defendants. [*Compare* D.E. 5, *with* D.E. 25]. Without explanation, Plaintiff then filed an amended motion to disqualify on August 31, 2023. [*See* D.E. 64]. Consequently, this Court limits its consideration to the second, pending motion, and deems the first motion superseded and moot.[6]

In her moving papers, Plaintiff argues for disqualification on the ground that Ms. Adams's representation of the Newark Defendants in this action purportedly violates Rule 3.7 of the Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court ("RPC" or "Rules of Professional Conduct"), based on her allegations that (i) Ms. Adams "will be a witness on significant issues of contested fact in this case"—*i.e.*, the fraud she allegedly perpetrated on this and other Courts—and (ii) the representation will present "numerous conflicts of interest." [*Id.* at 2-8]. Plaintiff also argues Defense Counsel violated RPC 3.1 and 3.3 by engaging in fraudulent and frivolous conduct in this action. [*Id.* at 9-10]. The remainder of the motion seeks a determination on the merits of her claims. [*Id.* at 10-27].[7]

---

[6] This Court notes that, at Plaintiff's request, the Court has stayed the action on two different occasions—beginning on August 2, 2022, spanning about four months, and ending on July 3, 2023—to enable Plaintiff to obtain counsel. [D.E. 36, 39, 41, 58, 60, 63]. To date, no attorney has appeared for Plaintiff.

[7] Leaving aside that it is inappropriate for the Court to make factual determinations on the merits of the claims in the context of a disqualification motion, and especially at this juncture, this Court notes that Plaintiff's conclusory assertion that Defense Counsel violated RPC 1.7 for representing other attorneys who allegedly engaged in a conspiracy is insufficient to support any such disqualification argument.

In opposition, the Newark Defendants primarily argue the motion is premature. [D.E. 65 at 7, 9-12]. They further assert that Ms. Adams does not qualify as a "necessary witness" under RPC 3.7, given their assertion that she "was never a witness in any of the legal matters in connection to plaintiff's multiple actions over the years and has been counsel for the District since their inception." [*Id.* at 12]. Finally, even in the unlikely event Ms. Adams was eventually deemed a necessary witness warranting her individual disqualification, the Newark Defendants argue that RPC 3.7 does not impute disqualification on her entire law firm. [*Id.* at 12-13]. The State Defendants, which consist of Jeffrey Gerson, Laura Sanders, Angelica Allen-McMillan, and David Hespe, take no position on Plaintiff's disqualification motion "insofar as it appears the motion does not seek redress from or involve the State Defendants." [D.E. 66]. However, given Plaintiff's merits arguments, they affirmatively deny, what they describe as, "the baseless and conclusory [substantive] assertions made by Plaintiff" in the disqualification motion. [*Id.*].

Plaintiff's reply[8] asserts a confusing take on RPC 3.7—*i.e.*, the primary basis for disqualification asserted in the moving papers—stating it "is not an issue in this case." [D.E. 68 at 1]. Rather, Plaintiff states that eleven other rules "governing the conduct and ethics" of

---

[8] Plaintiff untimely filed her reply brief on October 2, 2023, which was the return date of the motion. *See* L. Civ. R. 7.1(d)(3) (requiring the filing of reply papers "at least seven days prior to the motion day"). Moreover, although the Local Civil Rules limit argument in reply briefs to 15 ordinary typed or printed pages (excluding pages required for the table of contents and authorities), and further provide that "[b]riefs of greater length will only be accepted if special permission of the Judge is obtained prior to submission of the brief," Plaintiff filed reply papers amounting to 76 pages. *See* L. Civ. R. 7.2(a), (b). Finally, notwithstanding these procedural deficiencies, Plaintiff further disregarded the Local Civil Rules by filing additional materials in support of her motion to disqualify beyond the October 2, 2023 motion day, including a 137-page filing on March 19, 2024 [D.E. 69, 71], which the Newark Defendants objected to [D.E. 72] as being filed without leave of Court. *See* L. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned."). While this Court will excuse some of Plaintiff's failures considering her *pro se* status, including the untimely filing of her reply, this Court will not accept the submissions filed after October 2, 2023, the motion day for the disqualification motion.

attorneys are at issue. [*Id.*]. Out of those new grounds for disqualification, Plaintiff only identified purported violations of RPC 3.1 and 3.3 in her moving papers.[9] [*See* D.E. 64, 68].

## II.     DISCUSSION

The conduct of attorneys admitted to practice before the United States District Court for the District of New Jersey is governed by the Rules of Professional Conduct. *See* L. Civ. R. 103.1(a). While an attorney may be disqualified for violating an RPC, disqualification is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quotations omitted); *see also Alvarez v. Am. Lafrance, LLC*, No. 15-8446, 2017 WL 2709562, at *2 (D.N.J. June 23, 2017) ("[D]isqualification is a harsh remedy which must be used sparingly.").

When presented with a motion to disqualify an attorney, a court must balance the need to maintain high professional standards against the deference owed to a party's choice of counsel. *Dantinne v. Brown*, No. 17-0486, 2017 WL 2766167, at *2 (D.N.J. June 23, 2017) (citing *City of Atl. City v. Trupos*, 201 N.J. 447, 462 (2010)); *see also United States v. Bos. Sci. Neuromodulation Corp.*, No. 11-1210, 2013 WL 2404816, at *4 (D.N.J. 2013) ("Permitting a litigant to retain his or her choice of counsel is a countervailing policy to be considered against disqualification."). The motion must be supported by facts that must be closely scrutinized "to

---

[9] "The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted ... Reply briefs are not the time to present new argument." *Atl. Power & Elec. Co. v. Big Jake*, 583 F. Supp. 3d 631, 642 (D.N.J. 2022) (quoting *Smithkline Beecham PLC v. Teva Pharm. USA, Inc.*, No. 04-215, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007)) (internal quotation marks omitted); *see also Dana Transp., Inc. v. Ableco Fin., LLC*, No. 04-2781, 2005 WL 2000152, at *6 (D.N.J. Aug. 17, 2005) (disregarding "arguments raised for the first time in [a] reply brief … for purposes of [a] motion [to dismiss]"); *United States v. Duronio*, No. 02-0933, 2006 WL 3591259, at *6 n.2 (D.N.J. Dec. 11, 2006) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." (internal quotation marks omitted)), *aff'd*, No. 06-5116, 2009 WL 294377 (3d Cir. Feb. 9, 2009). Consequently, in its discretion, this Court declines to consider new facts and/or arguments raised for the first time in reply. *See Duronio*, 2006 WL 3591259, at *6 n.2 (citing civil cases).

prevent unjust results." *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996); *see also Carreno v. City of Newark*, 834 F. Supp. 2d 217, 224 (D.N.J. 2011). Indeed, "surmise alone cannot support an order of disqualification." *Carreno*, 834 F. Supp. 2d at 224 (quoting *Trupos*, 201 N.J. at 469). In view of the foregoing considerations, courts in this District have consistently held that the movant must carry a heavy burden and meet a high standard of proof before a lawyer is disqualified. *See Carlyle Towers*, 944 F. Supp. at 345 (quoting *Alexander*, 822 F. Supp. at 1114). Ultimately, the decision to disqualify counsel "is committed to the sound discretion of the district court." *Wyeth v. Abbott Lab'ys*, 692 F. Supp. 2d 453, 457 (D.N.J. 2010) (citation omitted) (noting that courts should limit disqualification "'when it determines … that [it] is an appropriate means of enforcing the applicable disciplinary rule.'").

Here, Plaintiff seeks disqualification primarily based on a violation of RPC 3.7, which generally prohibits a lawyer from "act[ing] as advocate at a trial in which the lawyer is likely to be a necessary witness." RPC 3.7(a). To satisfy her burden, Plaintiff "must present evidence [Ms. Adams] possesses crucial information that 'cannot be obtained through any other means, including through alternative witnesses.'" *Esposito v. Ridgewood Bd. of Educ.*, No. 19-19030, 2021 WL 2910750, at *3 (D.N.J. July 12, 2021) (quoting *Dantinne*, 2017 WL 2766167, at *4). Otherwise, Ms. Adams may not be considered a necessary witness if her "knowledge of the relevant facts came from conversations with [] clients and [the facts are] well within [the clients'] personal knowledge." *Capps v. Dixon*, No. 20-1118, 2023 WL 8257995, at *7 (D.N.J. Nov. 28, 2023) (quoting *Bos. Sci. Neuromodulation Corp.*, 2013 WL 2404816 at *7) (internal quotation marks omitted). Ultimately, the moving party "must do more than simply make a representation that a lawyer is a necessary witness." *Id.* (quoting *Dantinne*, 2017 WL 2766167, at *4). Thus, "[i]f it is unclear from the record as to whether the attorney's testimony is necessary,

the motion [to disqualify] should be denied." *Esposito*, 2021 WL 2910750, at *3 (quoting *Dantinne*, 2017 WL 2766167, at *4) (internal quotation marks omitted).

Based on the current record, the Court cannot conclude, at this time, that Ms. Adams possesses crucial information concerning Plaintiff's claims that cannot be obtained through other means. While Ms. Adams is a primary actor in the allegations set forth in the complaint and appears to have represented one or more of the Newark Defendants in proceedings that underlie Plaintiff's claims, Plaintiff has not shown, at this juncture, that Ms. Adams's testimony is the only available evidence or testimony concerning the claims and, thus, that she will be a necessary witness at trial. *See Dill v. Yellin*, No. 22-6116, 2024 WL 1928359, at *3 (D.N.J. May 2, 2024) (collecting cases from this Circuit "regularly find[ing] that motions to disqualify under RPC 3.7(a) (and other state analogues) are premature where it is not yet clear that opposing counsel will be a necessary trial witness"). Furthermore, even if Plaintiff had made such a showing, she still failed to demonstrate that none of the exceptions to the prohibition apply.[10]

Regardless, even if the possibility of disqualification were more persuasively presented here, disqualification pursuant to RPC 3.7 would remain premature. "Courts in this district have consistently held that, based on the express language in Rule 3.7(a) prohibiting a hybrid attorney-witness at the time of trial, an attorney with a potential conflict under the rule is not disqualified from representing a party during the pre-trial stage." *Esposito*, 2021 WL 2910750, at *4 (citations omitted); *see also Capps*, 2023 WL 8257995, at *7; *Perez v. JPMorgan Chase Bank*, No. 22-04173, 2023 WL 3119950, at *7 (D.N.J. Apr. 27, 2023) (finding such a motion to disqualify "premature at the pleadings stage"); *Bos. Sci. Neuromodulation Corp.*, 2013 WL

---

[10] The prohibition from serving as counsel and necessary witness does not apply if: "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification … would work substantial hardship on the client." RPC 3.7(a).

8

2404816, at *7 ("An attorney is not disqualified immediately even if he [or she] will likely become a necessary witness at trial."); *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.*, No. 10-1453, 2012 WL 4660865, at *3 (D.N.J. Oct. 1, 2012) (noting that RPC 3.7(a), in its current form, only prohibits an attorney from acting as an "advocate at trial," differing significantly from the former rule, which required an attorney's immediate disqualification when it became clear the attorney would likely also be a necessary witness). Not only is this case still in its pre-trial stage, but it has not even proceeded to discovery given the pendency of multiple dispositive motions, including two motions to dismiss. Even assuming a conflict were later demonstrated to exist, the Rule would not require immediate disqualification.

      Plaintiff also argues Defense Counsel violated the Rules of Professional Conduct by engaging in fraudulent and frivolous conduct in this action. [*See* D.E. 64 at 9-10 (citing RPC 3.1, which prohibits counsel from bringing or defending a proceeding, or asserting or controverting an issue therein "unless the lawyer knows or reasonably believes that there is a basis in law and fact for doing so that is not frivolous," and RPC 3.3, which requires candor towards tribunals)]. Even assuming violations of RPC 3.1 or 3.3, Plaintiff has failed to identify any instance where an attorney has been disqualified based on any such violation. Typically, consequences for these violations come in the form of sanctions. *See* Fed. R. Civ. P. 11 (authorizing the Court to impose sanctions for taking frivolous actions or making false statements); *see also Edwards v. Wells Fargo Bank Nat'l Ass'n,* No. 19-14409, 2023 WL 112451, at *20 (D.N.J. Jan. 5, 2023) (imposing monetary sanctions and referring counsel for further disciplinary sanctions for violating various ethical rules, including RPC 3.1 and 3.3); *LoBiondo v. Schwartz*, 199 N.J. 62, 98 (2009) (citing cases in which New Jersey courts have imposed sanctions against counsel for

9

violating RPC 3.1); *Kramer v. Tribe*, 156 F.R.D. 96, 111 (D.N.J. 1994) (imposing sanctions short of disqualification), *aff'd*, 52 F.3d 315 (3d Cir. 1995).[11]

Ultimately, "[d]isqualification is never automatic." *High 5 Games, LLC v. Marks*, No. 13-7161, 2018 WL 2278103, at *5 (D.N.J. May 18, 2018) (citing *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)); *see also In re Boy Scouts of Am.*, 35 F.4th 149, 160 (3d Cir. 2022) ("Even when an ethical conflict exists (or is assumed to exist), a court may conclude based on the facts before it that disqualification is not an appropriate remedy."). While the Court "has a strong interest in 'preserving the integrity of its proceedings,'" *Est. of Salaam v. City of Newark*, No. 18-14473, 2022 WL 3098098, at *3 (D.N.J. Aug. 4, 2022) (quoting *United States v. Voigt*, 89 F.3d 1050, 1076 n. 12 (3d Cir. 1996)), it "must consider 'countervailing policies, such as permitting a litigant to retain counsel of his choice and enabling lawyers to practice without excessive restrictions.'" *Jorjani v. N.J. Inst. of Tech.*, No. 18-11693, 2023 WL 2535318, at *2 (D.N.J. Mar. 16, 2023) (quoting *Miller*, 624 F.2d at 120). In many instances, "disqualification is more disruptive than helpful even though an attorney may not have satisfied his or her professional obligations." *Id.* (citation and internal quotation marks omitted). Thus, in determining whether the facts warrant disqualification, courts should consider: "(1) prejudice to the non-moving party; (2) prejudice to the moving party; (3) the cost—in terms of time and money—to retain new counsel; (4) the complexity of the issues in the case and the time it would take for new counsel to acquaint themselves with the facts and issues; and (5) which party, if either, was responsible for creating the conflict." *Id.* (citing *Wyeth*, 692 F. Supp. at 459). Here, Plaintiff has made no attempt to show why any of these factors favor disqualification.

---

[11] Indeed, Plaintiff's claims that Ms. Adams has made false statements and taken frivolous positions are the subject of a separate motion for sanctions [D.E. 52], which the Court will address by separate order.

In sum, Plaintiffs have fallen short of satisfying her burden of establishing that disqualification of Defense Counsel is warranted at this juncture.[12]

### III.  CONCLUSION AND ORDER

**WHEREAS**, for the foregoing reasons and good cause shown,

**IT IS** on this 23rd day of May, 2024,

**ORDERED** that Plaintiff's motion to disqualify [D.E. 64] is **DENIED**; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motion at D.E. 64, and to serve a copy of this Opinion and Order on Plaintiff.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

---

[12] The premature nature of Plaintiff's disqualification motion obviates the need for the Court to analyze herein the Newark Defendants' arguments that Plaintiff has waived any ground for disqualification and that there is no basis to disqualify her entire law firm pursuant to RPC 3.7, in the unlikely event Ms. Adams is eventually disqualified as a result of the trial witness-advocate prohibition.