NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE GILLESPIE,<br><br>　　　　　　Plaintiff,<br>　v.<br>NEWARK BOARD OF EDUCATION, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 21-18990-ES-AME<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Christine Gillespie's ("Plaintiff") June 21, 2024 motion for an order granting reconsideration of this Court's May 23, 2024 Opinion and Order [D.E. 74]; and the Court having considered the parties' respective filings and determined oral argument is unnecessary, *see* Fed. R. Civ. P. 78[1]; and for the following reasons, Plaintiff's motion for reconsideration is **DENIED**; and

**WHEREAS**, on August 31, 2023, Plaintiff moved to disqualify Cherie L. Adams, Esq. ("Ms. Adams") and Adams Gutierrez & Lattiboudere LLC (collectively, "Defense Counsel") as counsel for the Newark Defendants.[2] [D.E. 64]. The motion was based on the following grounds: (i) Defense Counsel violated Rules 3.1 and 3.3 of the Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court ("RPC" or "Rules of Professional Conduct") by engaging in fraudulent and frivolous conduct; and (ii) Ms. Adams's

---

[1] Unless otherwise noted, this Order shall refer to the Federal Rules of Civil Procedure as the "Rules," also abbreviated as "Fed. R. Civ. P."

[2] The "Newark Defendants" include Ms. Adams, her law firm, and the following additional defendants: Newark Board of Education; Roger Leone; Marion Bolden; Ann Marie McGoldrick; Homre Breton; Perry L. Lattiboudere, Esq.; Derlys M. Gutierrez, Esq.; and Ruth Ruggero Hughs, Esq. [*See* D.E. 1, Compl.].

1

representation of the Newark Defendants in this action violates RPC 3.7 because Ms. Adams will allegedly be a witness concerning the fraud she allegedly perpetrated on this and other courts and her representation will present "numerous conflicts of interest." [*See id.* at 6-11]; and

**WHEREAS**, on May 23, 2024, this Court issued an Opinion and Order denying Plaintiff's August 31 motion to disqualify. [D.E. 73]. As an initial matter, the Court noted that it could not—as Plaintiff requested—make factual determinations on the merits of the claims and defenses in this action at this early juncture. [*Id.* at 4 n. 7]. Moreover, the Court held that the request for disqualification under RPC 3.7 was premature in light of (i) the current stage of proceedings, (ii) caselaw holding that immediate disqualification is not warranted even if the attorney is likely to become a necessary witness at trial, and (iii) the fact that no evidence was presented showing that Ms. Adams will be such a witness. [*Id.* at 8-9 (citations omitted)]. The Court also found that Plaintiff failed to demonstrate that a violation of RPCs 3.1 and/or 3.3, which has not been shown at this juncture, warrants disqualification. [*Id.* at 9-10]. Finally, the Court concluded that even if an ethical violation was shown, Plaintiff failed to satisfy her burden of showing why disqualification is warranted and necessary. [*Id.* at 10-11]; and

**WHEREAS**, on June 21, 2024, Plaintiff moved for reconsideration of the May 23 Opinion and Order purportedly pursuant to Rule 59(e) [D.E. 74]; and

**WHEREAS**, on July 8, 2024, the Newark Defendants filed a letter requesting that the Court reject Plaintiff's reconsideration motion because: (i) the motion was not appropriately served; (ii) Rule 59(e) does not apply; and (iii) the motion is untimely [D.E. 75];[3][4] and

---

[3] The Newark Defendants did not address the merits of the reconsideration motion. Rather, they requested an opportunity to file formal opposition papers "[i]n the event the Court … address[ed] the substance."

[4] The Court has also reviewed Plaintiff's November 1, 2024 letter "in support of [her] FRCP 50(e) Motion," which the Court construes as in further support of her motion for reconsideration purportedly pursuant to Rule 59(e), as it contains new arguments that Plaintiff asserts "prohibit Defendant Cherie L. Adams, Esq.'s representation of her codefendants." [*See* D.E. 76 at 3]. Additionally, the Court has

**WHEREAS**, as a threshold matter, Plaintiff's motion is untimely under Local Civil Rule 7.1(i). [5] Unless otherwise provided by statute or rule, that rule requires the moving party to serve and file the reconsideration motion "within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i). Here, Plaintiff filed the subject motion on June 21, 2024, which is twenty-nine days after the Court entered the challenged Order on May 23, 2024.[6] This Court may deny a motion for reconsideration for the sole reason that its filing was untimely. *See Wiggins v. United Food & Com. Workers Union, Local #56*, No. 04-3797, 2005 WL 8175885, at *1 (D.N.J. Sept. 16, 2005); and

**WHEREAS**, even if Plaintiff had timely filed the motion and the Court were to reach its merits, the Court would still conclude that reconsideration is not appropriate; and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly,'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citation omitted); *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994) (stating that the standard of review for reconsideration "is quite high"). To prevail on a motion for

---

reviewed the Newark Defendants' November 21, 2024 letter, [D.E. 77], urging that Plaintiff's November 1 filing be rejected in its entirety because: (i) no leave was granted for Plaintiff to file a motion under Rule 50(e); (ii) the original motion for reconsideration was not appropriately served; (iii) Rule 59(e) does not apply; and (iv) the original motion for reconsideration was untimely. [*See id.*].

[5] Contrary to Plaintiff's assertion, Rule 59(e) does not apply here. Rather, Local Civil Rule 7.1(i) governs reconsideration of an order that does not result in a final judgment, such as the May 23 Opinion and Order denying a motion for disqualification. Therefore, Local Civil Rule 7.1(i) is the applicable rule. *See J.C. v. Locha*, No. 21-12361, 2022 WL 1963665, at *2 (D.N.J. June 3, 2022) ("Because there has been no final judgment entered under [Rule] 54(b), a Rule 59(e) motion is inapplicable."), *reconsideration denied*, 2023 WL 3247953 (D.N.J. May 4, 2023), *appeal dismissed*, 2023 WL 8798106 (3d Cir. July 19, 2023); *see also T.M. v. Cnty. of Union*, No. 21-20268, 2022 WL 3908068, at *1 (D.N.J. Aug. 30, 2022) ("… Plaintiff's motion challenges a non-final order and thus arises under Rule 7.1(i) ….").

[6] Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, even if Rule 59(e) were to apply, Plaintiff's reconsideration motion appears to be untimely under Rule 59(e)'s 28-day deadline.

reconsideration, the moving party must identify dispositive factual matters or controlling decisions of law overlooked by the court in reaching its decision. *See* L. Civ. R. 7.1(i); and

**WHEREAS**, specifically, the Third Circuit has held that a court may not grant a motion for reconsideration unless the moving party shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). This heavy burden cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). Nor does a party's mere disagreement with the court's ruling warrant reconsideration. *Boretsky v. New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011). A motion for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); and

**WHEREAS**, here, the exact nature of Plaintiff's ground for reconsideration is unclear. Nonetheless, the Court concludes there is no basis to grant reconsideration because Plaintiff has not met the applicable standard warranting reconsideration. Because Plaintiff does not identify any intervening change in controlling law or the availability of new evidence that was not available at the time of the May 23 Order, the Court presumes that Plaintiff believes the Court erred in its prior decision or that there is a need to prevent manifest injustice; and

**WHEREAS**, to satisfy this ground, Plaintiff must show that the Court "overlooked a factual or legal issue that may alter the disposition of the matter." *Cottrell v. Good Wheels*, No. 08-1738, 2011 WL 3361522, at *2 (D.N.J. Aug. 3, 2011) (citations omitted), *aff'd*, 458 F. App'x

4

98 (3d Cir. 2012). Critically, in assessing whether reconsideration is warranted on this ground, the Court "may address only those matters" the parties presented, but that were not considered in the course of making the decision at issue. *Cottrell*, 2011 WL 3361522, at *2 (citations omitted); *see also Lampon-Paz v. Dep't of Justice*, No. 16-9071, 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017) ("Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration.") (citations omitted). In other words, a court must reject new matters that were not presented when the court made its original decision, "absent unusual circumstances," or unless the movant demonstrates that such matters were "unavailable or unknown at the time of the original decision." *Cottrell*, 2011 WL 3361522, at *2. This is because reconsideration cannot be used "as a means of expanding the record to include matters not originally before the court." *Id.* (citations omitted); and

**WHEREAS** a motion for reconsideration must be based on more than a mere disagreement with the court's decision and "do more than recapitulate the cases and arguments considered by the court before rendering its original decision." *Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725, 2006 WL 8458226, at *1 (D.N.J. Jan. 26, 2006) (citations omitted). "It is [thus] improper … to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *Id.* (citations omitted); *Cottrell*, 2011 WL 3361522, at *2 ("[A] difference of opinion … should be dealt with through the normal appellate process.") (citations omitted); and

**WHEREAS**, however, Plaintiff's reconsideration motion merely reiterates the arguments she raised previously. Therefore, she improperly asks the Court to "rethink what it has already thought through," and presents a mere disagreement that is insufficient to support reconsideration.[7] *Tynes*, 2006 WL 8458226, at *1. As set forth above, the Court gave due

---

[7] Plaintiff's filing at D.E. 76 merely presents new arguments, including that Defense Counsel should be disqualified for violations of RPC 1.12, which could have been raised in Plaintiff's original motion to disqualify, and the Court

consideration to Plaintiff's motion and concluded that disqualification was not appropriate at this juncture. In short, Plaintiff cannot show "the need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677; and

**WHEREAS**, therefore, for the foregoing reasons and good cause shown,

**IT IS** on this 22nd day of November 2024,

**ORDERED** that Plaintiff's June 21, 2024 motion for an order granting reconsideration of this Court's May 23, 2024 Opinion and Order [D.E. 74] is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall terminate the motion filed at D.E. 74.

                                          /s/ *André M. Espinosa*
                                          ANDRÉ M. ESPINOSA
                                          United States Magistrate Judge

---

cannot consider them on a motion for reconsideration. *See Lampon-Paz*, 2017 WL 6403003, at *1; *Cottrell*, 2011 WL 3361522, at *2 ("[A] motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue," because "reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.").