# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

July 3, 2025

## LETTER MEMORANDUM

Re:   ***Gillespie v. Newark Board of Education, et al.*,
      <u>Civil Action No. 21-18990 (ES) (AME)</u>**

Dear Parties:

On October 1, 2021, *pro se* plaintiff Christine Gillespie ("Plaintiff") initiated this action against numerous defendants. (D.E. No. 1). At this juncture, there are two sets of remaining defendants: (i) the Newark Board of Education, Roger Leone, Marion Bolden, Ann Marie McGoldrick, Homre Breton, Perry Lattiboudere, Esq., Cherie L. Adams, Esq., Derlys Maria Gutierrez, Esq., the Law Firm of Adams, Gutierrez, Lattiboudere, LLC, and Ruth Ruggero Hughs, Esq. (collectively, the "Newark Defendants"); and (ii) Angelica Allen McMillan, David Hespe, Jeffrey Gerson, and Laura Sanders (collectively, the "State Defendants").[1] (D.E. No. 1 ("Complaint" or "Compl.")). Plaintiff asserts numerous claims that date back to her employment by Newark's public school district and a workers' compensation claim from injuries she suffered while on school property in the late 1990s. (Compl. ¶¶ 1, 13, 16 & 19). The Newark Defendants moved to dismiss the Complaint (D.E. No. 43), and moved for sanctions against Plaintiff (D.E. No. 44). The State Defendants also moved to dismiss the Complaint. (D.E. No. 45). Plaintiff separately filed a motion for sanctions against the Newark Defendants (D.E. No. 50), which she amended. (D.E. No. 52).

On June 13, 2025, the Honorable André M. Espinosa, U.S.M.J., issued a thorough, fifty-nine-page report and recommendation, wherein His Honor recommended that this Court dismiss the Complaint and deny the parties' motions for sanctions. (D.E. No. 83 ("Report and Recommendation" or "R&R") at 59). Magistrate Judge Espinosa provided the parties fourteen days to file and serve objections to the R&R pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72(b)(2), and Local Civil Rule 72.1(c)(2). (*Id.*). Magistrate Judge Espinosa also directed the Clerk of Court to serve a copy of the R&R on Plaintiff. (*Id.*). To date, no party has filed any objections to Magistrate Judge Espinosa's R&R.

"[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011

---

[1] Plaintiff also named "John Does 1-50" and "ABC Corp 1-50" as fictitious defendants in the Complaint. (*See* Compl.).

WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes). Here, the Court independently reviewed the record and Magistrate Judge Espinosa's unopposed R&R without oral argument, *see* Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b), and finds no clear error on the face of the record. Accordingly, for the reasons stated in the R&R and for good cause shown, the Court **ADOPTS** Magistrate Judge Espinosa's unopposed R&R in full as the Opinion of this Court.

Separately, also before the Court is Plaintiff's "motion to vacate" Magistrate Judge Espinosa's November 22, 2024 Order (D.E. No. 78) pursuant to Federal Rule of Civil Procedure 60(b)(4). (D.E. No. 81). By way of brief background, on November 22, 2024, Magistrate Judge Espinosa denied Plaintiff's motion for reconsideration of His Honor's May 23, 2024 Opinion and Order denying Plaintiff's motion to disqualify the Newark Defendants' counsel, Cherie L. Adams, Esq. and Adams Gutierrez & Lattiboudere LLC. (D.E. Nos. 73 & 78). On March 3, 2025, Plaintiff filed her "motion to vacate," primarily arguing that certain defendants allegedly procured the November 22, 2024 Order by "fraud upon this Court." (D.E. No. 81 at 4[2]). On March 24, 2025, Ms. Adams filed a letter in opposition to Plaintiff's "motion to vacate." (D.E. No. 82).

Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may relieve a party or [his] legal representative from *a final judgment, order, or proceedings* [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4) (emphasis added). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* The Third Circuit has held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by law." *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) (citation and quotations omitted). However, not just any alleged jurisdictional error renders a judgment void, and finality requires that courts construe the concept of void judgment narrowly. *Id.* at 422 n.19. More specifically, a judgment is not void under Rule 60(b)(4) "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Id.* at 422. Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

**First**, in light of the Court's decision above adopting Magistrate Judge Espinosa's R&R in full, Plaintiff's "motion to vacate" is **DENIED** as moot.

**Second**, and alternatively, the Court agrees with defendants that Plaintiff appears to seek relief from an order "that in no way represents a final judgment in this matter." (D.E. No. 82 at 2). Indeed, Plaintiff essentially asks this Court to overturn the denial of a motion to reconsider a non-dispositive ruling that denied Plaintiff's motion to disqualify counsel (*see* D.E. Nos. 73 & 78).

---

[2]    All pin citations to Plaintiff's "motion to vacate" refer to the page numbers automatically generated by the Court's CM/ECF Case Management System.

Thus, by its plain terms, Rule 60(b)(4) does not provide an avenue for the relief Plaintiff requests. Moreover, even if Plaintiff grounds her request in allegations of purported fraud, a motion pursuant to Rule 60(b)(3) would similarly fail. *See, e.g.*, *Kamdem-Ouaffo v. Spataro*, No. 18-0298, 2022 WL 17976821, at *4 (D.N.J. Dec. 27, 2022) ("Relief from a final judgment or order may be provided when the judgment is void, Fed. R. Civ. P. 60(b)(4), or when there has been a fraud on the court, Fed. R. Civ. P. 60(d)(3). . . . Notably, alleged inaccuracies in statements of material facts are not themselves sufficient to demonstrate a fraud on a court." (citing *Wei v. Pennsylvania*, No. 21-2059, 2021 WL 4544139, at *2 (3d Cir. Oct. 5, 2021)).[3]

**Third**, many of Plaintiff's accusations of fraud appear to relate to other court decisions. (*See, e.g.*, D.E. No. 81 at 17–18). Thus, to the extent Plaintiff continues to challenge the finality of prior rulings by way of Magistrate Judge Espinosa's decisions on Plaintiff's motion to disqualify counsel, her "motion to vacate" cannot stand. *See, e.g.*, *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013) (affirming district court's denial of Plaintiff's motion to vacate a judgment pursuant to Rule 60(b)(4) & (d) because "the District Court dismissed the complaint on the grounds that the claims were either time-barred or premature; ***the allegedly fraudulent documents had no bearing on the propriety of the District Court's ruling***" (emphasis added)).

**Fourth**, to the extent Plaintiff intended to appeal Magistrate Judge Espinosa's orders (D.E. Nos. 73 & 78), her request similarly fails. "Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c)," *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-0571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013), and the standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. *Id.* On appeal of a non-dispositive order, a district court may modify or set aside the magistrate judge's decision if it was clearly erroneous or contrary to law. *Eisai Co., Ltd. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). A ruling "is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). Conversely, if "a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly

---

[3]      Moreover, as noted by Magistrate Judge Espinosa, Plaintiff alleged in her Complaint that Ms. Adams and others "conspire[d] and retaliate[d] against Plaintiff" and "forge[d] Plaintiff's attendance documents that formed the basis" of charges brought against Plaintiff pursuant to the New Jersey Tenure Employees Hearing Law. (R&R at 4 (citing Compl. ¶ 31; *see also id.* ¶¶ 48–49, 54–55 & 57–58)). To the extent Plaintiff's near incomprehensible allegations of fraud as stated in her "motion to vacate" relate to these allegations, "the United States Court of Appeals for the Third Circuit has found 'that the delayed and protracted handling of the tenure charges appear[ed] to be [Plaintiff's] own doing.'" (*Id.* at 4 n.7 (quoting *Gillespie v. Janey*, 441 F. App'x 890, 892, 893, 894 n. 8 (3d Cir. 2011))).

erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)).

Relevant here, Magistrate Judge Espinosa's orders denying Plaintiff's motion to disqualify the Newark Defendants' counsel and denying Plaintiff's motion to reconsider the same were not clearly erroneous, contrary to any law, or an abuse of discretion. Indeed, as best as this Court can decipher, Plaintiff's submission does not cite to any law contrary to Magistrate Judge Espinosa's decisions. (*See generally* D.E. No. 81). Indeed, much of Plaintiff's nineteen-page letter brief is difficult to decipher. It includes a litany of accusations, including, for example, that an Administrative Law Judge "ignored and violated" New Jersey administrative law and state law as well as Plaintiff's constitutional rights—all of which appear untethered to the legal bases supporting the denial of Plaintiff's motion to disqualify and motion for reconsideration. (*Contrast id.* at 17–18, *with* D.E. Nos. 73 & 78). Similarly, although Plaintiff also maintains that "the Court" failed to comply with certain state laws, as best as this Court can determine, Plaintiff's grievances appear related to her legal proceedings in state court and/or other tribunals. (*See* D.E. No. 81 at 18). Nor is it apparent that Magistrate Judge Espinosa's decisions were contrary to any state law.

For the reasons set forth above, Plaintiff's "motion to vacate"—whether construed under Rule 60(b)(4), under Rule 60(b)(3), or as an appeal of Magistrate Judge Espinosa's decision(s) denying disqualification and/or reconsideration of the same (D.E. Nos. 73 & 78)—is **DENIED**.

An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

4